Linda M. Deola
Morrison, Sherwood, Wilson & Deola, PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, Montana 59624-0557
406-442-3261 Phone
406-443-7294 Fax
ldeola@mswdlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DIANA CORZINE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERAN AFFAIRS and ROBERT L. WILKIE, SECRETARY OF VETERANS AFFAIRS.<br><br>Defendants. | Cause No.  CV-20-24-H-CCL<br><br>**COMPLAINT<br>AND JURY DEMAND** |

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Dr. Diana Corzine (Dr. Corzine) is a resident and citizen of Jefferson County, Helena, Montana and is employed as a physician at Montana VA Healthcare System in Fort Harrison/Helena, Montana. (MTHCS)

1

2. Defendant Robert L. Wilkie is the Secretary of Veterans Affairs (VA). The VA is an executive agency, department or instrumentality of the federal government, subject to the laws of the United States of America, including § 703(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000-2(a), 42 U.S.C. 2000e et seq. (Title VII) and, the Equal Pay Act of 1963 (EPA), 29 U.S.C. §206(d).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (4), 42 U.S.C.S. §§ 2000e-et seq., 29 C.F.R.§ 1614.407-408.

4. The Helena Division of the United States District Court, District of Montana, has venue over this action pursuant to 28 U.S.C. § 1391 (e), in that the events and omissions giving rise to the claim occurred in this District and Defendant, an agency of the United States Government is subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

5. Dr. Corzine began her employment at the MTHCS in November of 2002. She became the Chief of Sleep Medicine in August, 2016. She is double board certified in Family Medicine and Sleep Medicine and is Chief of the Sleep Medicine Medical Service at MTHCS in Helena, MT.

6. Beginning in July of 2018 and continuing to the present day, the VA has engaged in wage discrimination against Dr. Corzine, a female physician, based upon her gender.

7. In April of 2018, the MTHCS selected a male Sleep Medicine Physician applicant Dr. Alkazir, for a Sleep Medicine position. This position had the same clinical responsibilities as Dr. Corzine's position but no Administrative or Supervisory responsibilities. Dr. Alkazir had 1 year of Sleep Medicine experience compared to Dr. Corzine's 10 years of Sleep Medicine experience and 16 years VA experience. The pay offered by the MTHCS to Dr. Alkazir; an amount set by the recommendation of the Physician Compensation Panel, and accepted by him on May 14, 2018 was $284,000 pay plus $42,000 recruitment incentive as Step 1 VA Physician. As compared to Dr. Corzine's salary at the time of $248,000 which included the required $15,000 extra for Chief of the Service duties and 16 years VA experience.

8. At or about the same time that the MTHCS offered $284,000 to Dr. Alkazir, plus a bonus, on March 22, 2018 the Physician Compensation Panel signed a recommendation to increase Dr. Corzine's pay to $284,000 plus $15,000 for Chief Service for total compensation of $299,000. Despite the Physician Compensation Panel's recommendation to increase Dr. Corzine's pay, the MTHCS refused to give Dr. Corzine any pay increase.

9. Although MTHCS had offered Dr. Alkazir, a male physician with less experience than Dr. Corzine $284,000; which he accepted in May of 2018, by June of 2018 when Dr. Corzine complained that she had not receive the pay increase consistent with what had been offered and accepted by Dr. Alkazir and recommended by the

3

Compensation Panel, the MTHCS back tracked and tried to "withdraw" the offer it had already made to Dr. Alkazir and he had already accepted.

10. On information and belief, the MTHCS's efforts to change the salary offered and accepted by Dr. Alkazir was done in an effort to avoid paying Dr. Corzine, a female physician, who had complained about pay disparity, the same amount the MTHCS was willing to pay a male physician; who was subordinate to Dr. Corzine.

11. Dr. Alkazir took a position at a private facility outside of the State of Montana the MTHCS remained without a Sleep Physician. Throughout this time, Dr. Corzine continued to seek pay consistent with the recommendation of the Physician Compensation Panel and consistent with what the MTHCS identified as the correct pay for Dr. Alkazir a male physician. But the MTHCS refused to change her pay.

12. On the same day that the Physician Compensation Panel recommended that Dr. Corzine's pay be increased to $284,000 plus $15,000 for Chief Service for total compensation of $299,000. The same Physician Compensation Panel also made recommendations regarding the compensation of another Helena MTHCS Sleep Medicine physician, Dr. Thigpen; a male. Dr. Thigpen's privileges were identical to Dr. Corzine, that is 100% Sleep Medicine. Dr. Thigpen's VA experience was 5 years and he was supervised by Dr. Corzine.

13. The Physician Compensation Panel's March 22, 2018 recommended a pay increase for Dr. Thigpen and the MTHCS increased his salary by $19,000.

14. Dr. Corzine registered her complaint internally with MTHCS and when it

was confirmed to her on July 5th, 2018, that she would receive no pay adjustment, despite the Compensation Biennial review recommendation, she called the EEO office and lodged a complaint ultimately filing a complaint with the EEOC.

15. Since voicing her objections and filing formal EEO/EEOC Complaints, the MTHCSA retaliated against her by paying a male physician with less experience than Dr. Corzine more for the identical position.

16. After the Alkazir incident, the MTHCS posted the Sleep Physician position again and in October of 2019 offered to a male Sleep Physician, (Dr. Berman) with less experience than Dr. Corzine and with no Chief of Staff duties $275,000 plus a $21,000 recruitment bonus. An amount significantly over Dr. Corzine's pay.

17. Dr. Bergman accepted the MTHCS's offer in October of 2019 and was fully credentialed for 100% sleep medicine only, to perform the identical job as Dr. Corzine accept, that Dr. Corzine as Chief of Staff supervises Dr. Bergman.

18. In an effort to justify paying Dr. Bergman, a male physician with less experience than Dr. Corzine, the MTHCS through Ed Zurey of the Human Resources Department, altered the duties of the position that was announced by inserting false information into the pay recommendation made for Dr. Bergman.

19. The MTHCS, through Ed Zurey, intentionally altered the pay recommendation form for Dr. Berman to include .51 of Dr. Bergman's time for ENT. However, the position announcement was for and the position is limited to 100% Sleep Medicine.  Dr. Bergman only sought and only received privileges for Sleep Medicine; not

ENT.

20. Physicians at the MTHCS are limited to practicing to the privileges requested and approved by the credentialing committee and chief of staff. Dr. Bergman did not request any ENT privileges and the credentialing committee did not grant such privileges. Dr. Bergman has not practiced or done operative ENT procedures since 2012, he did not request ENT privileges, the position announcement was only for Sleep Medicine. And the MTHCS does not even have ENT service. Dr. Bergman's privileges are identical to Dr. Corzine's but he is being paid significantly more than Dr. Corzine.

21. MTHCS's insertion into the pay recommendation for Dr. Bergman by Ed Zurey of ENT services for .51 was false and not possible and was an intentional falsification designed to justify paying a male physician more than Dr. Corzine for the same work.

22. Dr. Bergman's privileges are for 100% Sleep Medicine. He has no privileges for ENT and no such responsibilities. He is performing the same job as Dr. Corzine, subordinate to Dr. Corzine yet he is earning $25,000 more a year than she is, inclusive of her $15,000 Chief of Staff pay. If compared apples to apples, Dr. Bergman is being paid $40,000 more per year for 100% Sleep Medicine work at the MTHCS.

23. On information and belief employees in the VA system, notably Ed Zurey and former Director Kathy Berger considered Dr. Corzine's efforts to achieve equal pay offensive and have refused to give Dr. Corzine equal pay.

## COUNT I
## EQUAL PAY ACT CLAIM

24. Plaintiff re-alleges and incorporates Paragraphs 1 through 23 as if fully set forth herein.

25. The central provision of the Equal Pay Act is 29 U.S.C. §206(d)(1), which provides: 18 (d) Prohibition of sex discrimination.

(1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

Defendant has violated the Equal Pay Act. Dr. Corzine has seniority and supervisory responsibilities and is paid less for the identical Sleep Medicine service than male Sleep Medicine physicians.

26. Under the Equal Pay Act, Dr. Corzine is entitled to the pay that she should have received for equal work beginning in March of 2018 and continuing to the present and that, she is entitled to a figure doubled as liquidated damages, 29 U.S.C. § 216(b), and costs and attorney's fees.

## COUNT II
## RETALIATION EQUAL PAY ACT

27. Plaintiff re-alleges and incorporates Paragraphs 1 through 26 as if fully set forth herein.

28. 29 U.S.C. § 215(a)(3), a provision of the Fair Labor Standards Act, establishes a cause of action for retaliation against employees who assert rights under the Equal Pay Act or the FLSA. Section 215(a)(3) provides that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding . . ." The statutory term 'filed any complaint' includes oral as well as written complaints within its scope.

29. Dr. Corzine complained orally, in writing and formally with the EEO about her unequal pay. She was advised by others involved in the compensation review process, that recommended a pay increase for Dr. Corzine in March of 2018 that the former Director and others discriminated against Dr. Corzine by treating me with hostility and unfairness. And that decisions about Dr. Corzine's pay were due to a personal and emotional response to Dr. Corzine rather than fair compensation practices.

30. Dr. Corzine has suffered damages as a result of the retaliatory actions of the MTHCS, separate and apart from unequal pay damages, 29 U.S.C. § 216(b).

## COUNT III
## TITLE VII

31. Plaintiff re-alleges and incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., makes it an unlawful employment practice to discriminate against any individual with respect to her compensation because of such individual's sex. 42 U.S.C.S. § 2000e-2(a)(1).

33. MTHCS violated Title VII by discriminating against Dr. Corzine with respect to her compensation based upon her sex, causing her economic damages, to which she is entitled to under 42 U.S.C.S. § 2000e-5 (g), and additionally costs and attorney's fees, 42 U.S.C. § 2000e-5(k).

## COUNT IV
## RETALIATION TITLE VII

34. Plaintiff re-alleges and incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. As a result of Dr. Corzine's formal and then formal complaints regarding sex-based pay discrimination, the MTHCS responded with retaliatory conduct in violation of 42 U.S.C.S. § 2000e-3(a), in violation of Title VII of the Civil Rights Act of 1964. Conduct that a reasonable employee found materially adverse, that well

might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

36. Dr. Corzine was damaged by this retaliatory conduct and entitled to compensatory damages that make her whole and for attorney's fees, 42 U.S.C. § 2000e-5(k).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

(a) Back and front pay resulting from Defendants' discriminatory/retaliatory treatment of her and other benefits of employment;

(b) any and all compensatory damages in an amount to be determined at trial;

(c) liquidated damages in an amount equal to the amount of lost wages and other benefits of employment suffered by reason of Defendants' willful violations of the Equal Pay Act, pursuant to 29 U.S.C. § 216(b), all remedies set forth under 42 U.S.C.S. § 2000e-5 (g);

(d) costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon and additionally costs and attorney's fees, 42 U.S.C. § 2000e-5(k);

(e) all other damages and further relief as deemed just.

## JURY DEMAND

Plaintiff requests trial by jury on all issues triable by a jury.

DATED this 31st day of March, 2020.

                By: /s/ Linda M. Deola
                     Linda M. Deola
                     Morrison, Sherwood, Wilson & Deola, PLLP
                     *Attorneys for Plaintiff*