IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DIANA CORZINE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and ROBERT L. WILKIE, SECRETARY OF VETERANS AFFAIRS,<br><br>　　　　　Defendants. | CV 20-24-H-CCL<br><br>**<u>PROTECTIVE ORDER</u>** |

The United States has filed an unopposed motion for protective order, together with a stipulation between Plaintiff and the United States, to allow the United States to produce unprivileged information from the personnel and employment files of certain physicians and to produce documents containing sensitive information and evidence protected by the Privacy Act, 5 U.S.C. § 552a. Such production would allow the United States to respond to discovery requests, to potentially utilize information in its own defense, and to meet disclosure obligations.

This case involves claims of employment discrimination under Title VII and retaliation under Title VII and the Fair Labor Standards Act. Plaintiff intends to ask the United States to produce employment / personnel files of the referenced physicians, including documents related to hiring and employment. Based on the parties' stipulation, and a review of the brief in support of the order, and good cause appearing,

IT IS HEREBY ORDERED as follows:

1. All documents, information, and evidence produced in this litigation related to any personnel or employment files shall be used only for the purposes of and within the confines of this case. All such documents and items shall be shown only to the parties to this case, their attorneys and attorneys' employees, any parties' experts or consultants, judges, court personnel, mediators agreed upon by the parties, and/or witnesses during or in preparation for deposition or trial testimony. Such documents may be used as exhibits during depositions, motions for summary judgment, and for trial. None of the documents or information described above shall be released, shown to, or otherwise disclosed to any other person, firm or entity, except as described above, unless ordered by the Court.

2. At the conclusion of this lawsuit, all of the documents described above and items shall be returned to counsel for Defendant United States, or destroyed by Plaintiff's counsel.

3. Notwithstanding anything to the contrary contained herein, in no event shall this Stipulation for Protective Order be construed as a waiver by any of the parties of the right to assert any privilege against disclosure, or any other basis justifying the non-disclosure of documents, including but not limited to the attorney-client and work product privileges. The parties retain the right to interpose objections to specific discovery requests or responses, and to submit motions seeking to quash production of documents or to compel production.

Dated this ___14th___ day of October, 2020.

Charles C. Lovell
Senior United States District Judge